**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AMY HOLLIFIELD,

    Plaintiff,

v.

TELESTEPS LADDER, INC.,

    Defendant.

Case No. 2:25-cv-02542-GMN-NJK

**Order**

[Docket No. 20]

Pending before the Court is the parties' stipulation to extend case management deadlines. Docket No. 20.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

1

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The Court entered the scheduling order in this matter on January 9, 2026, setting the discovery cutoff on June 17, 2026. Docket No. 9. In the instant stipulation, the parties are inconsistent as to the length of the extension request. *See* Docket No. 20 at 4 (requesting a 30-day extension of the subject deadlines but proposing deadlines in accordance with a 60-day extension). The parties submit that an extension is warranted because the parties require additional time to provide the subject ladder testing results and Plaintiff's deposition transcript to expert witnesses, and for witnesses to provide their reports. *Id.* at 3. However, the parties have not shown diligence, as they conducted no discovery in the entire month of February 2026. *Id.* at 2.

Nonetheless, in the interest of resolving this case on its merits and as a one-time courtesy to the parties, the Court finds that good cause exists for a 30-day extension of the subject deadlines. Accordingly, the Court **GRANTS** in part and **DENIES** in part the stipulation and **RESETS** case management deadlines as follows:

- Initial experts: May 18, 2026
- Rebuttal experts: June 17, 2026
- Discovery cutoff: July 17, 2026
- Dispositive motions: August 17, 2026
- Pretrial order: September 16, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: April 14, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).